# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN STOBAUGH, )<br>)<br>Movant, )<br>)<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil No. 06-3317-CV-S-RED<br>Crim. No. 03-3118-01-CR-S-RED |

## ORDER

Now before the Court is John Stobaugh's Motion to Vacate, Set Aside, or Correct Sentence (#1). After careful consideration, the Court **DENIES** the motion.

## BACKGROUND

On December 23, 2003, Stobaugh pled guilty by plea agreement to possessing a shotgun as a prior felon. The Court sentenced Stobaugh to 110 months incarceration on May 18, 2004. Stobaugh appealed the sentence, and the Eighth Circuit affirmed. On August 14, 2006, Stobaugh filed a motion requesting that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Stobaugh argues that his attorney, David Mercer, was ineffective because he (1) failed to inform Stobaugh that he could receive a higher sentence if the Court considered the drugs that were present at the scene of the crime, (2) failed to object to the Court's "double counting" for possessing a firearm, (3) failed to advise Stobaugh that he could receive a better result if he went to trial, (4) induced Stobaugh to waive a *Booker* argument, (5) failed to attack the validity of the indictment because the firearm he possessed was not listed in Appendix A to 18 U.S.C. § 922, (6) failed to attack the sentence because the drugs used to increase the sentence were mishandled by the state's drug testing facilities, (7) failed to appeal objections to testimony at the sentencing hearing on

hearsay and confrontation clause grounds, and (8) failed to introduce certain evidence and make various arguments at the sentencing hearing. Stobaugh also argues that the Court's sentence violates the "spirit of *Booker*."

## DISCUSSION

### *Counsel advised Stobaugh that the Court could increase his sentence because of the drugs.*

Stobaugh's attorney filed an affidavit with the Court stating that he "expressly made Mr. Stobaugh aware of the risk of the cross-reference provision of § 2K2.1 being applied prior to his change of plea."[1] Counsel told Stobaugh that he would likely receive a sentence of between 84 and 105 months, but the Court was bound only by the 10 year statutory maximum. At the change of plea hearing, Stobaugh confirmed that he was not coerced into pleading guilty and he understood that the final sentence was for the Court to decide. Counsel sufficiently advised Stobaugh that the Court may impose a higher sentence than the one contemplated in the plea agreement because drugs were found at the scene of the crime.

### *The Court did not "double count" Stobaugh's possession of a firearm in calculating his sentence.*

Stobaugh argues that the Court double counted by using Stobaugh's possession of a firearm under U.S.S.G. § 2K2.1(c), § 2X1.1(a), and § 2D1.1(b)(1). However, the Eighth Circuit rejected this argument in *United States v. Pierce*, 388 F.3d 1136, 1138-39 (8th Cir. 2004). Section 2K2.1(c) merely directs the Court to calculate the guideline range for certain firearm offenses under § 2X1.1(a). Section 2X1.1(a) directs the Court to calculate the guideline range for certain firearm

---

[1] Stobaugh objects to counsel's affidavit and argues that it violates the attorney-client privilege. Stobaugh waived the attorney-client privilege when he claimed that his attorney's advice constituted ineffective assistance of counsel. *Tasby v. U.S.*, 504 F.2d 332, 335 (8th Cir. 1974).

-2-

offenses where drugs are involved under § 2D1.1, the guideline for attempt or conspiracy to traffic drugs. Section 2D1.1(b)(1) enhances the base offense level for possession of a dangerous weapon. Accordingly, possession of a firearm was only counted once in calculating Stobaugh's applicable sentencing guideline range even though it was used more than once to determine what portion of the sentencing guidelines to use in calculating the appropriate range.

### *Counsel advised Stobaugh that he may receive a better result if he went to trial.*

Stobaugh argues that the Court could not have considered his drug activities if he went to trial under *Booker* because the jury would not have made a finding on his drug activities. However, facts used to enhance a sentence do not need to be found by a jury beyond a reasonable doubt. *U.S. v. Huber*, 462 F.3d 945, 948 (8th Cir. 2006); *see also U.S. v. Adams*, 451 F.3d 471, 472-73 (8th Cir. 2006). Stobaugh would not have received a lesser sentence if he went trial and was convicted by a jury, so counsel was not ineffective and the sentence does not violate "the spirit of *Booker*."

Moreover, Stobaugh's attorney declared by affidavit that he told Stobaugh "that he might be in a situation were pleading guilty doesn't really help him that much." He also advised Stobaugh that "because of the risk of the cross-reference, a guilty plea might yield a sentence at, or close to, the statutory maximum of 120 months." Stobaugh pled guilty even after his attorney told him that he could receive a sentence close to the statutory maximum regardless of whether he went to trial or pled guilty.

### *Counsel was not ineffective for permitting Stobaugh to waive his right to appeal the validity of the sentencing guidelines.*

Stobaugh's attorney reasonably believed that the sentencing guidelines were valid and enforceable at the time of Stobaugh's plea and sentencing because the Supreme Court had not yet decided *Booker*. Counsel was not ineffective for advising Stobaugh to execute a plea agreement

waiving the right to make an argument that he reasonably thought was frivolous.

Moreover, Stobaugh advised the Court that he understood the appeal waiver when he pled guilty, so Stobaugh cannot now claim that he did not know about or understand the waiver when he executed the agreement. The Eighth Circuit Court of Appeals already reviewed the appeal waiver in this case and determined that Stobaugh knowingly and voluntarily agreed to it. *United States v. Stobaugh*, 420 F.3d 796, 804 (8th Cir. 2005).

Stobaugh knowingly and voluntarily executed his appeal waiver, and counsel was not ineffective for permitting him to do so.

### *Counsel was not ineffective for failing to argue that the firearm Stobaugh possessed was not listed in Appendix A to 18 U.S.C. § 922.*

Stobaugh argues that the government had to establish that the firearm was listed in Appendix A to 18 U.S.C. § 922, and his attorney was ineffective for failing to argue that the firearm he possessed was not among the listed items. However, Appendix A was repealed in 1994 and replaced with a generic definition of "firearm" in 18 U.S.C. § 921(a)(3). The gun Stobaugh possessed clearly fits within the definition, and his attorney was not ineffective for failing to argue otherwise.

### *Counsel was not ineffective for failing to argue that the drugs could not be considered because the state's drug testing facilities mishandled them.*

Stobaugh has offered no evidence that the drugs found at the scene of the crime were lost, stolen, or tainted by the state's drug testing facilities. He merely speculates that this is why the state drug charges against him were dropped. Moreover, testimony at the sentencing hearing established that Stobaugh admitted to law enforcement officers that he possessed drugs at the scene of the crime. Counsel was not ineffective for failing to argue that the Court should disregard Stobaugh's confession because the drugs may have been mishandled by the state's drug testing facilities.

### *Counsel was not ineffective for failing to argue on appeal that testimony at the sentencing hearing was hearsay and violated Stobaugh's right to confrontation.*

Stobaugh argues that Officer Rogers should not have been permitted to testify about Stobaugh's confession at the sentencing hearing because he was not present during the confession but obtained evidence about the confession from Officer Freeman. However, "[h]earsay evidence . . . can be used at sentencing proceedings if it bears sufficient indicia of reliability to support its probable accuracy." *U.S. v. Shackelford,* 462 F.3d 794, 796 (8th Cir. 2006). The *Shackelford* court found sufficient indicia of reliability when one officer testifies about information received from another officer. Moreover, "admission of hearsay testimony at sentencing does not violate confrontation rights." *U.S. v. Brown*, 430 F.3d 942, 944 (8th Cir. 2005). Accordingly, Stobaugh's argument that the testimony was hearsay and violated his confrontation rights is without merit, and his attorney was not ineffective for failing to make the argument on appeal.

### *Counsel was not ineffective for failing to introduce additional evidence and arguments at the sentencing hearing.*

Stobaugh argues that his counsel should have introduced additional evidence and arguments at the sentencing hearing. However, the Court presumes that counsel's decision to introduce evidence and make legal arguments was sound trial strategy. *Anderson v. Bowersox*, 262 F.3d 839, 841 (8th Cir. 2001); *see also U.S. v. McClain*, 149 Fed. Appx. 549, 551 (8th Cir. 2005). Moreover, to the extent Stobaugh claims that his counsel should have argued that Stobaugh should have received only four criminal history points under U.S.S.G. § 4A1.1(c), the government correctly points out that Stobaugh indeed received only four criminal history points under § 4A1.1(c). Accordingly, Stobaugh was not prejudiced by counsel's failure to argue that he received too many criminal history points.

-5-

## CONCLUSION

Stobaugh's counsel was not ineffective and his Motion to Vacate, Set Aside, or Correct Sentence (#1) is **DENIED**.

**IT IS SO ORDERED.**

DATE:	February 27 , 2007	  /s/ Richard E. Dorr
	RICHARD E. DORR, JUDGE
	UNITED STATES DISTRICT COURT